

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

**GERALD C. MANN**
**ATTORNEY GENERAL**

## AUSTIN

Honorable Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Sir:          Attention: Mr. H. H. Rankin, Jr.

Opinion No. O-3027
Re: Exemption from taxation of land
owned by Willacy County Water
Control and Improvement District
No. 1 for reservoir site not yet
constructed.

We are in receipt of your recent request for an
opinion concerning the exemption from taxation of certain
land owned by the Willacy County Water Control and Improve-
ment District No. 1. The facts appear in your letter which
reads in part as follows:

"The Willacy County Water Control and Im-
provement District No. 1 was required by the
State Board of Water Engineers, when it was or-
ganized, to acquire land sufficient for three
separate storage reservoirs. The District has
just built and maintained two of these reservoirs.
There is either impounded by the State Board of
Water Engineers or $100,000.00 earmarked for the
construction of reservoir No. 3. There are
328.9 acres on the proposed site for Reservoir
No. 3.

"The Water District is at present using
the tract of land set aside for Reservoir No.
3 as pasture. It is the contention of the Water
District that because this land had to be pur-
chased at the instance of the State Board of
Water Engineers, for water storage, that it is
a governmental function of that District and
that they should not have to pay taxes upon the
same."

Section 2, of Article VIII, of the Constitution of Texas, provides in part as follows:

"All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the Legislature may, by general laws, exempt from taxation public property used for public purposes; . . ."

Article 7150, R. C. S. 1925, contains the following provision:

"The following property shall be exempt from taxation, towit:

". . .

"4. Public property. - All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, . . ."

As we understand the facts in this case the land in question was purchased, and is owned exclusively by the Willacy County Water Control Improvement District No. 1. It was held in Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State (T.C.A. 1929, writ refused), 21 S. W. (2d) 747, that water improvement districts organized under the authorization contained in Article 16, Section 59, of the Constitution of Texas, are political subdivisions of this State, within the meaning of the above statute, and the property in that case within the scope of the constitutional provisions.

The language of Chief Justice Fly, in Bexar-Medina Atascosa Counties W. I. Dist. No. 1 v. State, supra, would appear to be conclusive upon this phase of the question. We quote in part from the opinion of the court.

"The only issue in this cause is: Has Medina county the power and authority to assess and collect taxes, state and county, on the dams, reservoirs, canals, ditches, and other property necessary for the conservation and distribution of waters in the district?

"It is provided by article 8, § 2, of the Constitution of Texas, that the Legislature may by general laws exempt from taxation public property used for public purposes, and in pursuance of that authority enacted Rev. St. 1925, art. 7150, in section 4, of which it is provided: 'All property, whether real or personal, belonging exclusively to this State, or any political division thereof,' shall be exempt from taxation. The very statutory requirements for the creation and formation of water improvement districts would seem to stamp them as political divisions of the state. All the machinery used to form them is through agencies of the state, the county judge, the commissioners' court, the election instrumentalities, the district court to establish the validity of the issuance of bonds, the powers of taxation, restricting the use of such taxation to discharge the principal and interest of the bonds, the election of directors, all these are governmental powers provided for in detail by law. The district is not an ordinary corporation organized for purposes of gain to its members, but is a public agency, using the money raised by taxation to advance the interests of the landowners within its jurisdiction. It is a political corporation or division of the state which has principally for its object the administration of the government, or to which the powers of government, or a part of such powers, have been delegated."

". . .

"The next subdivision of the section (Art. 16, Sec. 59b, Constitution) provides for the formation of districts essential to the purposes of the amendment 'which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law.'

". . . It is a 'governmental agency and body politic and corporate,' which is a clear definition of a 'political division' of the state,

93

clothed with governmental powers and functions and exempt from taxation."

The property to which you refer is therefore exempt under the terms of Section 4, Article 7150, R. C. S. 1925, unless the exemption of the statute, as applied in this case, is broader than the authorization granted to the Legislature in Article 8, Section 2 of the Constitution quoted above.

In order to fall within the provisions of Article 8, Section 2, the property must not only be public property, but also "used for public purposes". Reservoir No. 3 has not yet been constructed on the acquired reservoir site and the land is not now being used for reservoir purposes but is used as a pasture. Whether by the district or by lease to third parties does not appear from the letter of request.

A thorough review of various constitutional provisions, and a construction of the phrase "used for public purposes", as employed in Section 2, of Article 8, was given by the Eastland Court of Civil Appeals in City of Abilene v. State (1937, writ dismissed), 113 S. W. (2d) 631. In that case the City of Abilene had acquired land in Jones County for the purpose of a reservoir site for impounding water for the use of the city. The city had procured from the proper authority the necessary appropriation of water, done engineering work, and authorized the issuance of bonds, but had been unable to acquire all the land necessary and had not done any construction work or actually used any of the land for reservoir purposes. For five years prior to the suit the city had been leasing the land for agricultural purposes for aggregate annual rentals of approximately $2500. The land was under lease at the time of the suit. All leases had been subject to the right of the city to build the dam and reservoir at any time, the city not having abandoned its intention to accomplish the purpose for which the lands were acquired. The court discussed the question at length and expressed its conclusion in the following language:

"It is, therefore, our view that when the facts of a given case establish the ownership of property by a municipal corporation, which has been acquired for an authorized public purpose, and the purpose for which it is owned

and held has not been abandoned, such property is to be regarded as used for public purposes, and the Legislature has the power to provide by general law for its exemption from taxation."

The court further held that although Article 7150 is more comprehensive than the power which the Legislature possessed it may be operative as an exercise of all the power the Legislature had, and therefore valid to the extent of declaring an exemption of public property used for public purposes.

See also City of Dallas v. State, (T.C.A., 1930, writ refused), 28 S. W. (2d) 937, applying the exemption to a reservoir site, and further holding that the exemption is applicable, although the reservoir site to be used for public purposes is situated in another county.

It is our opinion that your interpretation and application of the law is correct, and that under the facts presented, the land acquired and held for the purpose of constructing Reservoir No. 3, by the Willacy County Water Control and Improvement District No. 1, is exempt from taxation.

We enclose herewith a copy of opinion No. 0-2037 passing upon a related question with reference to the Lower Colorado River Authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack*

Cecil C. Cammack

CCC:LM

ENCLOSURE

APPROVED FEB 12, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPR
OPI
COMM
BY
CHAI